**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ANDREW ADAMS,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL MARTEL, Warden,<br><br>    Respondent. | No. C 10-01010 JF (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be DENIED.

**BACKGROUND**

In 2007, a Sonoma Superior Court jury found Petitioner guilty of forcible oral copulation, sodomy by use of force, making a criminal threat, assault with a deadly weapon, assault by means likely to produce great bodily injury, false imprisonment, and misdemeanor battery. Petitioner was sentenced to an aggregate term of twenty-five years to life. Petitioner filed this federal action after being denied relief on direct review.

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Adams010.hc.md.wpd

As grounds for federal habeas relief, Petitioner alleges that (1) the trial court committed three jury instructional errors which violated his rights to a jury trial and due process, and (2) his sentence violates due process because it was based on insufficient evidence with respect to a prior conviction.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

**I.    Jury Instructions**

Petitioner presents three claims with respect to the trial court's jury instructions. He asserts that his right to due process was violated when the trial court (A) permitted the victim to use the pseudonym "Jane Doe," rather than her actual name; (B) allowed the jury to consider evidence of awareness of guilt; and (C) instructed the jury with respect to the burden of proof.

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the disputed instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1992). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Id.* In other words, a federal habeas court must evaluate the jury instructions in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

**A.    "Jane Doe"**

Petitioner claims that permitting the victim to be identified by the pseudonym "Jane Doe" pursuant to CALCRIM No. 123 and Cal. Pen. Code § 293.5 violated his rights to due process, a jury trial, and the confrontation of witnesses. (Pet. at 13–14.)[1] The state appellate court rejected these claims on state law grounds. (Ans., Ex. 3–5.)

The trial court granted the victim's request to be referred to as Jane Doe, pursuant to Cal. Pen. Code § 293.5, and gave the jury the following instruction, CALCRIM No. 123 ("Witness Identified as John or Jane Doe"): "In this case, a person is called Jane Doe. This name is used only to protect her privacy, as required by law. The fact that the person is identified in this way is not evidence. Do not consider this fact for any purpose." (Ans.,

---

[1] Citations to page numbers are to the numbers created by the Court's electronic filing system.

Ex. 7 at 3.) Petitioner did not object to or oppose the victim's request. (*Id.* at 5.)

"[T]here is no absolute right of an accused to have a jury hear a witness's true name." *Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir. 1991). Disclosure of a victim's true name to a jury is not governed by a rigid rule, but rather by a consideration of various factors, such as a victim's safety, and to avoid harassment, prejudice, and confusion. *Id.* (citations omitted).

Petitioner's claim is not remediable on federal habeas review. First, Petitioner has cited no Supreme Court or other binding legal authority holding that he has a clearly established right to have the jury hear the victim's true name. The record shows that the trial court considered the appropriate factors. Moreover, any possible misunderstanding of the significance of the use of "Jane Doe" was remediated by the trial court's specific instructions that the pseudonym was used for purposes of privacy only and had no evidentiary or other value. Jurors are presumed to follow their instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

Second, Petitioner has not shown specifically how the nondisclosure of Jane Doe's name interfered with his ability to confront the evidence against him. Petitioner was free to cross-examine Jane Doe as he liked when she testified at trial. Petitioner makes no showing that the use of a pseudonym lowered the prosecution's burden of proof or otherwise violated his constitutional rights.

### B. Evidence of Awareness of Guilt

Petitioner claims that instructing the jury that it could consider evidence that Petitioner suppressed evidence or fled after the crime was committed "invaded the jury's province and lowered the prosecution's burden of proof," thereby violating his right to due process. (Pet. at 18.) More specifically, the use of "aware of his guilt" in CALCRIM Nos. 371 and 372 instead of "a consciousness of guilt" allowed the jury to presume the existence of guilt and lower the burden of proof. (*Id.* at 19–20.) The state appellate court rejected this claim on state law grounds. (Ans., Ex. 7 at 6.)

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Adams010.hc.md.wpd 4

CALCRIM Nos. 371 ("Consciousness of Guilt: Suppression and Fabrication of Evidence") and 372 ("Defendant's Flight"), as read to Petitioner's jury, are as follows:

> If the defendant tried to hide evidence or discourage someone from testifying against him, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such an attempt, it is up to you to decide its meaning and importance. However, evidence of such an attempt cannot prove guilt by itself.
>
> ****
>
> If the defendant fled after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself.

(Ans., Ex. 1, Vol. 2 at 167.) The jury also was instructed that a criminal defendant must be presumed innocent, and that the prosecution has the burden to prove each elements of each charge beyond a reasonable doubt. (*Id.* at 161.)

Petitioner has not shown that the instructions infected the trial to the extent that he was denied a fair trial under due process. First, the instructions permit, but do not require, the jury to consider evidence that Petitioner suppressed evidence or fled after the crime. Because the instruction was permissive, the jury was not even required to consider such evidence, must less required to make a finding of guilt based upon it. Rather, the jury was free to accept or reject such evidence, and even if it accepted such evidence as true, to give it any weight it chose.

Second, nothing in the instructions lowered the prosecution's burden of proof. The instructions themselves state explicitly that such evidence "cannot prove guilt by itself." The jury was properly instructed that it had to be convinced of Petitioner's guilt beyond a reasonable doubt. The Court must presume that the jurors followed the instructions and applied the proper legal standard. *See Marsh*, 481 U.S. at 206.

### C.  Burden of Proof

Petitioner claims that the trial court's misreading of a reasonable doubt section of another jury instruction, CALCRIM No. 3426 ("Voluntary Intoxication"), was prejudicial

error, amounting to a directed guilty verdict. (Pet. at 22–23.) The state appellate court rejected this claim, concluding that the trial court's repeated correction of its misreading undid any harm that the misreading may have caused. The relevant facts are as follows:

> When the trial court read CALCRIM No. 3426 to the jury, it twice misread a line to state that, in connection with the charge of making a criminal threat, "the People *have met* the burden of proving beyond a reasonable doubt that the [Petitioner] acted with" specific intent. (Italics added.) On the first misreading the prosecutor interrupted, and the court acknowledged: "This doesn't read right." On the second try, the court made the same mistake. The prosecutor interrupted again, and pointed out the error with respect to "[t]he *met* part." (Italics added.) The third time the court read the instruction correctly to state that "the People *have the burden* of proving beyond a reasonable doubt that the [Petitioner] acted with intent that the [Petitioner]'s statement be understood as a threat. *If the People have not met this burden, you must find the [Petitioner] not guilty of criminal threat*." (Italics added).
>
> After it finished reading the instructions, the trial court stated: "I want to go back and review one instruction which I read to you. [¶] I'm going to reread you the one instruction dealing with voluntary intoxication. I hope it will be clearer on my rereading of it." The court then reread the correct version of CALCRIM No. 3426. It also told the jury it would be provided with the instructions in writing.

(Ans., Ex. 7 at 6–7.)

Petitioner's claim lacks merit. The trial court immediately recognized and swiftly corrected its misstatement of the law. It read the correct instruction twice, and it reminded the jury that it would have the correct instruction in writing. Because the trial court issued curative instructions, this Court must presume that the jury followed the instructions and applied the correct legal standard. *See Marsh*, 481 U.S. at 206. Petitioner's mere allegations are insufficient to overcome this presumption, especially under the circumstances present here. Nor has Petitioner shown that the instruction so infected the trial as to deprive him of due process.

## II. Alleged Sentencing Error

Petitioner claims that his sentence is invalid because there was insufficient evidence that his prior conviction was for first degree burglary and therefore qualified as a serious felony under California law. (Pet. at 26.) The state appellate court rejected this claim, concluding that the trial court's determination was supported by substantial evidence.

> The relevant facts and the state appellate court's reasoning are as follows:
>
> The evidence included an abstract of judgment which indicated [Petitioner] had [in 2003] entered a plea to burglary, a violation of section 459, but it did not specify the degree. The prosecutor also introduced a docket sheet with the plea waiver form attached. The plea waiver form described the offense [Petitioner] pleaded to as "459 1° Burglary." [Petitioner] argues this notation on the plea waiver form, considered together with the other admitted documents, was insufficient to support a finding this conviction was for burglary in the first degree.
>
> The abstract of judgment and plea waiver form were relevant and admissible to prove the prior conviction, and in the absence of some evidence to rebut the authenticity or accuracy of the plea waiver form, the court could rely upon it as evidence [Petitioner] had pleaded guilty to the offense of first degree burglary in violation of section 459.

(Ans., Ex. 7 at 8–9) (italics omitted).

The state appellate court's determination that the record contains sufficient evidence that Petitioner had a conviction for first degree burglary ends this Court's inquiry. Federal courts are bound by a state court's determination of its laws, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), and the state court's factual determinations are entitled to a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1). Petitioner's claim that there was insufficient evidence of his prior conviction[2] and that the conviction did not qualify as a serious felony under California are purely state law claims that are not remediable under federal habeas review, even if state law was erroneously interpreted or applied. *Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).

## CONCLUSION

Petitioner has failed to show that there was "no reasonable basis for the state court to deny relief," *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011), that is, he has not shown that the state court's decision as to any of the above claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, the

---

[2] Petitioner's claim is that there is insufficient documentary evidence of the degree of his prior conviction, not that there was insufficient evidence to support the elements of the charge.

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Adams010.hc.md 7 wpd

**United States District Court**
For the Northern District of California

1  petition will be DENIED.

2      A certificate of appealability will not issue.  Reasonable jurists would not "find the
3  district court's assessment of the constitutional claims debatable or wrong." *Slack v.*
4  *McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from
5  the Court of Appeals.

6      The Clerk shall enter judgment in favor of Respondent and close the file.

7      **IT IS SO ORDERED.**

8  DATED: September __J__, 2011

                                          JEREMY FOGEL
9                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANDREW ADAMS,<br><br>         Plaintiff,<br><br>   v.<br><br>MICHAEL MARTEL et al,<br><br>         Defendant._____/ | Case Number: CV10-01010 JF<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Andrew Adams V22593
H1A-104B
Northlake Correctional Facility
1805 32nd St.
Baldwin, MI 49304

Dated: September 20, 2011

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk